# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### ASHLAND

**Civil Action No. 16-68-HRW**

**ESTATE OF BILLY COLLINS, JR.,**
**BILLY JOE COLLINS, ADMINISTRATOR,**                                   **PLAINTIFF,**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**STEPHEN WILBURN, *et al.*,**                              **DEFENDANTS.**

This matter is before the Court upon Defendants Garret Roberts, Officer Keefer, Officer Wilhite in their Official Capacities, Lawrence County and Lawrence County Sheriff's Department Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 7]. The motion has been fully briefed [Docket Nos. 10 and 11]. For the reasons set forth herein, the Court finds that Plaintiff has failed to state a claim against Garret Roberts, Officer Keefer, Officer Wilhite in their Official Capacities and against Lawrence County and Lawrence County Sheriff's Department with regard to the state claims against the two entities.

## I.

This case arises from an incident, during which he was in the custody of the Louisa City Police Department, Plaintiff's father, Billy Collins, Jr. was tasered and beaten [Complaint, ¶¶ 15 and 16]. Plaintiff alleges that the incident resulted in his father's death. Plaintiff, on behalf of the Estate Jr. Billy Joseph Collins, filed this action in Lawrence Circuit Court on against Defendants Stephen Wilburn, individually and in his official capacity; Jordan Miller, individually and in his official capacity; Greg Fugitt, individually and in his official capacity; the Louisa City Police Department; City of Louisa, Kentucky, Garrett Roberts, individually and in his official

capacity; Officer Keefer, individually and in his official capacity; Officer Wilhite, individually and in his official capacity; Lawrence County Sheriff's Office; and Lawrence County, Kentucky. Defendants removed this matter to United States District court due to stated claims under the Civil Rights Act of 1871, and 42 U.S.C. § 1983. Plaintiff also asserted state law claims.

Defendants Garret Roberts, Officer Keefer, Officer Wilhite seek dismissal the claims asserted against them in their official capacities and Defendants Lawrence County and Lawrence County Sheriff's Department seek dismissal of the state law claims asserted against them.

## II.

In order to pass Fed.R.Civ.Proc. 12(b)(6) muster, Plaintiff's complaint must allege "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To meet this standard, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that [the defendants] are liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells,* 506 F.3d 422, 426 (6th Cir.2007).   If those allegations "are insufficient as a matter of law," dismissal of those claims is warranted under Rule 12(b)(6). *Flaim v. Med. Coll. of Ohio,* 418 F.3d 629, 643 (6th Cir.2005).

## III.

"Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives

2

notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 156-66, 105 S.Ct. 3099, 87 L.Ed.2d 144 (1985).   Therefore, the claims against the individual Defendants in their official capacities represent claims against the entity for which they are agents – Lawrence County - and, pursuant to *Graham*, its predecessor *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny, are redundant and should be dismissed.  The Court is mindful that Defendants are **not** seeking dismissal of the claims asserted against them in the **individual** capacities, which would be premature given that discovery is not yet complete.  Rather, Defendants's current motion is more akin to a housekeeping matter, rather than a dispositive one.

As for the state claw claims against Lawrence County and its Sheriff's Department, those claims are barred by Kentucky's law of sovereign immunity, which precludes liability for subdivisions based upon the negligence of their employees. *Grayson Board of Education v. Casey*, 157 S.W.3d 201, 202-203 (Ky. 2005).  Claims in the complaint based upon vicarious liability or respondeat superior liability must be dismissed as legally insufficient.

## IV.

**IT IS THEREFORE ORDERED** that Defendants Garret Roberts, Officer Keefer, Officer Wilhite in their Official Capacities, Lawrence County and Lawrence County Sheriff's Department Motion to Dismiss or in the Alternative for Summary Judgment [Docket No. 7] be **SUSTAINED** and that all claims of the Plaintiff against the official capacity Defendants, Lawrence County, and Lawrence County Sheriff's Office be and they are hereby **DISMISSED WITH PREJUDICE.**

3

**THIS IS AN INTERLOCUTORY AND NON-APPEALABLE ORDER**

This ___ day of January, 2017.



Signed By:

*Henry R. Wilholt, Jr.*

**United States District Judge**

4