UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 16-68-HRW

ESTATE OF BILLY COLLINS, JR.,
BILLY JOE COLLINS, ADMINISTRATOR,                    PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

STEPHEN WILBURN, *et al.*,                                 DEFENDANTS.

This matter is before the Court upon Plaintiff's Motion for Reconsideration and For Findings of Fact [Docket No. 105]. The matter has been fully briefed by the parties [Docket Nos. 107 and 108]. For the reasons set forth herein, the Court will overrule the motion.

**I.**

This case arises from the arrest of Billy Collins, Jr. on May 29, 2015 in Louisa, Kentucky. In its Complaint, the Estate of Billy Collins, Jr., Billy Joseph Collins, Administrator alleged that Defendants Stephen Wilburn, Jordan Miller, Chief Greg Fugitt, the Louisa City Police Department, and the City of Louisa, Kentucky, as well as co-Defendants Lawrence County, Kentucky, Lawrence County Sheriff's Office, Lawrence County Sheriff Garrett Roberts, Deputy Mason Keefer, and Deputy Douglas Wilhite, through 42 U.S.C. § 1983, violated Billy Collins Jr.'s rights under the United States Constitution to be free from unreasonable use of force, that Chief Fugitt failed to properly train or supervise his subordinates, and that the City of Louisa and LPD should be held vicariously liable for such violations by virtue of respondeat superior. Plaintiff also alleged negligent use of force under Kentucky law, and sought compensatory and

punitive damages.

This Court dismissed the claims against the Lawrence County Defendants and, ultimately, found that the remaining Defendants were entitled to judgment as a matter of law. Specifically, this Court found that the Defendants were entitled to qualified immunity as to the claims against them in their individual capacities and that the claims against them in their official capacities, as well as the claims against the City of Louisa and its Police Department, failed as a matter of law. The Memorandum Opinion and Order and Judgment entered on September 15, 2017 extinguished Plaintiff's case.

Plaintiff asks this Court to revisit its decision, arguing that Fed.R.Civ.Proc. 52(a)(5) and (6)(b) warrant reconsideration.

## II.

Rule 52 provides:

> (a) Findings and Conclusions.
> (1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.
> ....
> (5) Questioning the Evidentiary Support. A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.
> (6) Setting Aside the Findings. Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.
> ....
> (b) Amended or Additional Findings. On a party's motion filed no later than 28 days after the entry of judgment, the court may

> amend its findings—or make additional findings—and may amend
> the judgment accordingly. The motion may accompany a motion
> for a new trial under Rule 59.

Fed.R.Civ.Proc. 52.

Rule 52 memorializes the requirement that a court, after a bench trial, enter specific findings of fact and conclusions of law, either on the record in open court or in a written opinion.

It is unclear what Plaintiff intended by invoking this Rule when there has been neither a bench trial or a trial of any nature. It would appear that Plaintiff seeks reconsideration pursuant to Fed.R.Civ.Proc. 59 and the Court will treat his motion as such.

It is well established that the standards for reconsideration are necessarily high. There are only three grounds upon which a district court may amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997).

### III.

In urging reconsideration, Plaintiff does not offer any new fact or law on which the Court may find reconsideration appropriate. Nor is there manifest injustice which must be corrected in this record. Rather, he asserts three arguments which, according to Plaintiff, require reconsideration: first, Plaintiff argues that " additional findings are necessary because there remain issues of fact in regard to the beating of Collins at the hands of the Defendants"; second, that there are "unresolved issues of [his] *Monnell* and state law claims; and, finally, "that there are unresolved issues in regard to the autopsy findings and cause of death (homicide), which are

inconsistent with a finding that the Defendants acted with 'appropriate measures '". [Plaintiff's Motion, Docket No 105, p. 2].

Plaintiff contends that factual issues remain. Yet, in support of his contention Plaintiff merely spins the facts already argued by counsel and considered by the Court and, in at least one instance, attempts to insert new "facts" into the existing record. For example, Plaintiff insists that Sergeant Wilburn and/or Officer Miller struck Collins in the head. Yet, the record, specifically, the video of the events at issue recording by Sergeant Wilburn's bodycam, belies Plaintiff's assertion. Collins was tasered and Officer Miller struck his arm with a baton. At no point, did either Defendant strike Collins on the head. Reiterated facts and additional so-called facts that have no evidentiary support are not an appropriate basis for reconsideration.

Plaintiff also argues that his claims against the City of Louis, both federal and state, warrant additional factual inquiry. Yet, Plaintiff failed to present any developed argument in this regard in response to Defendants' dispositive motion. Nor does he offer any cogent argument now. Instead, he cites the law and concludes that Defendants broke it. Conclusory statements, without substantive argument, were not enough to overcome summary judgment and are certainly not sufficient to support a motion for reconsideration.

Finally, Plaintiff maintains that the autopsy report in this case provides evidence which requires reconsideration. He emphasizes that "homicide" was listed as the manner of death, and, implies that, somehow, this negates a finding of qualified immunity. Yet, homicide as the manner of death is not newly discovered evidence. The report was produced in discovery and referred to in the parties' briefs. Moreover, it is the correct designation of manner of death based on the facts.

4

Contrary to what Plaintiff suggests, homicide does not automatically equate to murder or to the deliberate, or even reckless, taking of life. It is, simply, a post-mortem evaluation, a term of art, meaning that the death involved another person. Again, this is not a revelation. It is undisputed that Collins' death involved other persons on scene. The very core of this lawsuit is Plaintiff's allegation that the force used to subdue Collins was excessive. The language in the autopsy report does not change the legal analysis in this case, at the summary judgment stage or now.

Moreover, Collins' physical struggle with four law enforcement officers ultimately led to the cause of death which was medically determined to be a purely cardiac event. [KSP Investigative Report, Docket No. 65, pp. 43-44]. Plaintiff has not, and cannot, dispute this established fact. Therefore, the autopsy report, which is in the record considered in full by this Court, does not trigger reconsideration.

### IV.

A motion to reconsider is not an opportunity to reargue a case, but that is all Plaintiff seeks to do, albeit in the guise of requesting additional findings of fact. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). This is insufficient for this Court to disturb its original ruling.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and For Findings of Fact [Docket No. 105] be **OVERRULED**.

This 28th day of November, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge